# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHOO SONG ENG, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-1302 |
| | § | |
| MICHAEL CHERTOFF, *et al.* | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

Before the court is the defendants' motion to dismiss pursuant to Federal Rule of Civil 12(b)(6) and motion to remand this action to the Houston District Office of the United States Customs and Immigration Services (CIS).[1]  The motion to dismiss is DENIED.  For the following reasons, the motion to remand is GRANTED, with instructions.

Plaintiff Choo Song Eng is a citizen of Malaysia and legal permanent resident of the United States.  Eng is seeking to become a naturalized citizen and to that end filed an application for naturalization on or about June 3, 2004.  The CIS interviewed Eng on October 5, 2004, triggering a statutorily prescribed 120-day period for the CIS to complete the naturalization process.  *See* 8 U.S.C. § 1447(b); *see also El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005) (interview date triggers statutory period); *Khan v. Chertoff*, 2006 WL 2009055, at *1-*2 (D. Ariz. 2006) (listing decisions to the same effect).  Eng's application remained pending for nearly two years while the CSI waited for a required name check to be performed by the Federal Bureau of Investigation.  Eng therefore brings this action pursuant to 8 U.S.C. § 1447(b).  This statute provides:

> If there is a failure to make a determination [for naturalization] under section 1146 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the application may apply to the United States

---

[1]      Dkt. 9.

district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

The issue of delayed naturalization under section 1447 has been treated in numerous opinions in the last several years. Rather than repeat the analysis of those opinions, the court will simply note them, and adopt the approach of "remand[ing] the matter, with appropriate instruction, to the" CIS. *See, e.g., Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842-43 (E.D. Mich. 2006); *Khan v. Chertoff*, 2006 WL 2009055, at *2 (D. Ariz. 2006); *Al-Kudsi v. Gonzales*, 2006 WL 752556, at *3 (D. Or. 2006); *Castracani v. Chertoff*, 377 F. Supp. 2d 71, 75 (D.D.C. 2005); *see also Immigration & Naturalization Serv. v. Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands").

Accordingly, defendant Alberto R. Gonzales is instructed to direct the F.B.I. to complete a name check on the application of Choo Song Eng within 120-days of the date of this order and deliver it to the CIS, which will in turn make a prompt determination on Eng's application. This case will be administratively closed, but should further court review prove necessary, Eng may reinstate this action.

Signed at Houston, Texas on August 21, 2006.

_____
Gray H. Miller
United States District Judge